# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE DUWE,

                Plaintiff,     :     Case No. 3:25-cv-099

                                                                 District Judge Thomas M. Rose

    -  vs  -                                         Magistrate Judge Michael R. Merz

THE HONORABLE MARY E. MONTGOMERY
 In her official capacity as Judge of the Montgomery
 County, Ohio, Court of Common Pleas, et al.,

                Defendants.     :

## REPORT AND RECOMMENDATIONS

       This is a case brought *pro se* by Plaintiff Johnny Lee Duwe against Montgomery County, Ohio, Common Pleas Judge Mary Montgomery; Montgomery County Prosecutor Mathias H. Heck, Jr.; and Jennifer Buschur, an Assistant Prosecuting Attorney in Mr. Heck's office. All Defendants are sued in their official capacities. The case is before the Court on Plaintiff's Emergency Motion for a Preliminary Injunction (ECF No. 3) and Defendants' Motion to Dismiss (ECF No. 12).

       District Judge Rose referred the case to the undersigned after both other Magistrate Judges at the Dayton location of court recused themselves (ECF No. 14). Both pending motions are classified as "dispositive" under 28 U.S.C. § 636(b) so that an assigned Magistrate Judge must file a report and recommendations on their disposition rather than deciding them in the first instance.

1

This case arises out of a criminal case in the Montgomery County Court of Common Pleas (Case No. 2018-CR-02590; hereinafter the "Criminal Case") in which Plaintiff was indicted for illegal possession of a firearm in a liquor permit premises. As soon as the case was referred, the undersigned ordered the Defendants to file a record of proceedings in the Criminal Case (ECF No. 18) and they have done so (ECF No. 19; hereinafter the "State Court Record"). Plaintiff was also notified that his response to the Motion to Dismiss was required to be filed by May 27, 2025 (ECF No. 17). That date has passed and Plaintiff has not filed any opposition.

Defendants seek dismissal on two bases: (1) insufficiency of service of process and (2) failure to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(b)(5) and (6). Both these defenses are properly presented in a motion to dismiss. Fed.R.Civ.P. 12(b).

**Service of Process**

Although he has not opposed the Motion to Dismiss, Plaintiff has filed two Affidavits relating to service, both on April 10,2025 (ECF Nos. 5 & 6) and a Supplemental Notice of Service Confirmation (ECF No. 9). In the Affidavit of Service by certified mail, he swears that

> On March 26th, 2025, service of process was carried out by my spouse, Lisa Anne Duwe (See Affidavit of Service by Non-Party, filed contemporaneously [ECF No. 6]), who is over the age of 18 and is not a party to this action. She personally prepared and caused to be mailed true and correct copies of the Summons and Verified Complaint for Declaratory and Injunctive Relief, along with all required attachments, to the following Defendants via United States Postal Service Certified Mail, Return Receipt Requested (green card), requiring signature at delivery.

(ECF No. 5, PageID 99.) In the companion Affidavit, Lisa Anne Duwe swears that she is not a party to the case and that

2

> On March 26th, 2025, I personally prepared and caused to be mailed true and correct copies of the Summons, Verified Complaint for Declaratory and Injunctive Relief, and accompanying documents to the following Defendants, using United States Postal Service Certified Mail, Return Receipt Requested (green card), requiring recipient signature.

(ECF No. 6, PageID 103.)

Plaintiff's own Affidavit continues:

> 3. The mailings were sent with Return Receipt Requested, and I am currently awaiting return of the signed green cards (PS Form 3811) as physical evidence of receipt.
>
> 4. Upon receipt of the signed return receipts, I will promptly supplement the record with copies of those documents.
>
> 5. I respectfully request that the Court accept this sworn affidavit, along with the Certified Mail tracking numbers and delivery confirmations, as provisional evidence of service upon the named Defendants until the original signed return receipts are filed.

(ECF No. 6, PageID 100.) As of the date of this Report, the Return Receipt cards have not been filed. Plaintiff's Supplemental Notice of Service Conformation includes what purport to be scanned images of the return receipt cards, but the originals have not been received by the Clerk.

As Defendants point out, the Local Rules of this Court provide a specific required method for making service by certified mail:

> If a party elects to use Ohio certified mail service, it **must** be done as follows (emphasis supplied):
>
> (a) The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also

3

    affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

(b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk shall promptly notify, electronically or by regular mail, the attorney of record or the serving party. The Clerk shall enter the fact of notification on the docket and shall file the return receipt or returned envelope in the records of the action.

(c) If service of process is refused or was unclaimed, the Clerk shall promptly notify the attorney of record or the serving party. If the attorney of record or the serving party, after notification, files with the Clerk a request for ordinary mail service accompanied by an envelope containing the summons and complaint or other document to be served with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint or at the address set forth in instructions to the Clerk. The attorney of record or the serving party shall also prepare for the Clerk's use a certificate of mailing that shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney of record or the serving party shall also endorse the answer day (twenty-one days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall promptly notify the attorney of record or the serving party electronically or by mail.

S. D. Ohio Civ. R. 4.2. Plaintiff has not complied with S. D. Ohio Civ. R. 4.2. Defendant's Motion to Dismiss for Insufficiency of Service of Process is therefore well taken and should be sustained. On that basis and particularly since Plaintiff has taken no apparent steps to cure the deficiencies since they were called to his attention, the Complaint should be dismissed without prejudice on that basis.

**Failure to State A Claim**

Plaintiff purports to bring this case pursuant to the Declaratory Judgment Act (28 U. S.C. § 2201), and Rule 65 of the Federal Rules of Civil Procedure." Neither of those enactments creates a cause of action; instead they provide remedies for deprivations under substantive statutes or the common law. However, in the same paragraph he notes he is

> alleging violations of his constitutional rights under the Second, Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks redress for the unlawful exercise of jurisdiction, denial of due process, unconstitutional enforcement of state law, and unlawful deprivation of property, and respectfully requests this Honorable Court to grant relief as set forth below.

(Complaint, ECF No. 1, PageID 2).

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

5

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

As a *pro se* litigant, Plaintiff is entitled to a liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).   The Magistrate Judge construes the Complaint as purporting to state a claim for relief under 42 U.S.C. § 1983.

However, the relief Plaintiff seeks – injunctive relief  to enjoin a pending criminal proceeding in state court – compels this Court to abstain from entertaining the suit.  *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989); *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

The pending criminal action against Plaintiff qualifies for *Younger* abstention. The criminal case is pending and has been pending for some time. The case involves an important state interest: enforcing firearms restrictions in liquor establishments. The Common Pleas Court is an Ohio court of general jurisdiction which is empowered to resolve the issues Plaintiff raises and particularly whether his conduct is protected from state regulation under the Second Amendment. See *McDonald v. Chicago*, 561 U.S. 742, n. 14 (2010).

Plaintiff would prefer to have his claims resolved without running the risk of imprisonment if he should lose. For that reasons he has filed dispositive motions in the Criminal Case which have apparently not been decided. However, the State of Ohio does not deal with criminal cases *in absentia* and is under no constitutional obligation to do so. If Plaintiff were to appear and post the bond already set, the Ohio speedy trial statute (which is much stricter than the Sixth Amendment requirement) would start to run and the Common Pleas Court would be obliged to decide the objections Plaintiff raises. However, the stalemate between the State of Ohio and Plaintiff arises from Plaintiff's failure to engage with Ohio criminal process.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that

Complaint be dismissed without prejudice (1) for lack of sufficient service of process and (2) as barred by the abstention doctrine announced in *Younger v. Harris*, supra.

May 28, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #