# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE DUWE,

        Plaintiff,    :    Case No. 3:25-cv-099

                  District Judge Thomas M. Rose
- vs -                Magistrate Judge Michael R. Merz

THE HONORABLE MARY E. MONTGOMERY
In her official capacity as Judge of the Montgomery
County, Ohio, Court of Common Pleas, et al.,

        Defendants.    :

---

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS and PRIOR ORDER STRIKING RESPONSE; DECISION AND ORDER ON PENDING MOTIONS; SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This case is before the Court Plaintiff's filing on June 9, 2025, of the following

1. Plaintiff's Response In Opposition To Defendants' Motion To Dismiss [and] Plaintiff's Objection To Report And Recommendation And Motion To Consider Timely Filed Response (ECF No. 26);

2. Notice to the Court of Plaintiff's Incarcerated Status and Request for Procedural Leniency (ECF No. 27);

3. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF No. 28); and

4. Notice of Withdrawal and Motion to Accept Corrected Filing as Timely (ECF No. 29).

1

In order to give the District Court a consolidated document to consider, the prior Reports and Recommendations and the Decision and Order Striking Response (ECF Nos. 22, 23, and 25) are WITHDRAWN.

**Plaintiff's Response to the Motion to Dismiss**

On June 9, 2025, the Court received for the first time notice that Plaintiff is incarcerated and has been jailed since March 28, 2025.  The Clerk will accordingly change Plaintiff's address on the docket to Jefferson County Detention Center, 510 First St., Hillsboro, Missouri 63050, after checking with that facility to ensure Plaintiff is still there.

Plaintiff's corrected Response to Defendant's Motion to Dismiss bears a Certificate of Service averring that it was mailed May 28, 2025.  Under the so-called "mailbox rule," filings from incarcerated persons are deemed filed on the date they are mailed.  *Houston  v. Lack*, 487 U.S. 266 (1988).  Even though it was not received until June 9, 2025, the Court will treat the Response as filed on May 28, 2025.  To receive treatment as a filing by an incarcerated person, each such filing must contain at the end a signed certificate in the following form:  I, _____, do hereby certify that I deposited the original of this document in the United States mail on _____."

Plaintiff's original Response was not timely filed.  The Court had given Plaintiff Notice that his response was due May 27, 2025 (Notice, ECF No. 17).  Plaintiff did not file/mail by that date nor did he request an extension of time.  However the Magistrate Judge will, *sua sponte* and pursuant to Fed.R.Civ.P. 6, grant Plaintiff the one-day extension of time he requires to make his corrected Response timely and will consider the response on the merits.

Plaintiff asks as an incarcerated person for "procedural leniency."  As a *pro se* litigant he is entitled to liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270

F.3d 292, 295 (6th Cir. 2001). As a prisoner, he is entitled to the benefit of the mailbox rule *Houston*, supra. However, as a matter of equal treatment of under law of all litigants, Plaintiff is not entitled to "procedural leniency" in general. If he needs relief from some particular procedural rule, he must ask for it in advance.

**Substituted Report and Recommendations**

Defendants have moved to dismiss the Complaint under Fed.R.Civ.P. 12(b)(5)for lack of proper service of process and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### Service of Process

In opposition to the service of process defense, Plaintiff asserts his

> spouse, a non-party over 18, mailed true and correct copies via USPS Certified Mail with Return Receipt Requested;
>
> Green card receipts were signed and filed (ECF Nos. 5, 6, 9);
>
> Defendants entered appearances and raised Rule 12 defenses, thereby waiving personal jurisdiction objections per established case law (*Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011)).

(Plaintiff's original Response, ECF No. 26, PageID 299).

Use of a spouse to effect certified mail service is not a proper method for service of process from this Court. The Local Rules of this Court provide a specific required method for making service by certified mail:

3

>If a party elects to use Ohio certified mail service, it **must** be done as follows (emphasis supplied):
>
>(a) The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.
>
>(b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk shall promptly notify, electronically or by regular mail, the attorney of record or the serving party. The Clerk shall enter the fact of notification on the docket and shall file the return receipt or returned envelope in the records of the action.

S. D. Ohio Civ. R. 4.2.  Plaintiff has not complied with S. D. Ohio Civ. R. 4.2.  He does not claim to have done so.  Instead, Plaintiff claims the Local Rules of this Court are irrelevant because his spouse is not in Ohio, but instead is governed by the Postal Service rules.  He cites no authority for this proposition, and none is even imaginable.  The United States Postal Service has no authority to override local rules of a District Court in which a litigant has chosen to file. Plaintiff

4

does not challenge the authority of this Court to adopt S. D. Ohio Civ. R. 4.2[1] and on its face it applied to any person who attempts to make certified mail service of process issuing from this Court.

Plaintiff claims that certified mail green card receipts have been filed and cites ECF Nos. 5, 6, and 9 (ECF No. 26, PageID 299). There are no green card receipts at ECF No. 5, 6, or 9. While ECF No. 9 contains copies of one side of a purported green card, none of them is signed by any of the named Defendants. ECF No. 26-4 has attached two Return Receipts for certified mail dated May 29, 2025, which purport to show something was mailed to the Clerk of this Court and the Defendants' counsel on that date, but neither one of them shows service on a Defendant.

Plaintiff claims that since Defendants have received actual notice and have participated in defending the case, they have waived any complaint about lack of service. (ECF No. 26, citing *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011)). In that case the Sixth Circuit held that entering a general appearance waives any personal jurisdiction defense, which is in line with long standing case law on that question.

Defendants here, however, did not enter a general appearance such as would waive any personal jurisdiction or service of process defense. Instead, they filed a Motion to Dismiss, asserting failure to make proper service of process. (Motion, ECF No. 12, citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999)). Fed.R.Civ.P. 12(b)(5) expressly requires that any defense based on improper service be made by motion before answering, which is what Defendants did.

---

[1] Local Rules must be submitted to the Sixth Circuit Judicial Council for possible veto. Having served as a non-voting Magistrate Judge member of that Council, the undersigned is aware that the approval process is regularly followed.

5

Plaintiff claims that Defendants' Motion constitutes a general appearance, (ECF No. 28, PageID 315) citing[2] *Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991), and *Peterson v. Highland Music, Inc.* In *Friedman* the Sixth Circuit held Defendants' actual knowledge of an action did not cure defective service of process by certified mail for which acknowledgment form was neither signed nor returned. The court held "Defendants' actual knowledge of action did not cure defective service of process by certified mail for which acknowledgment form was neither signed nor returned" which contradicts Plaintiff's claim. *Peterson* is a personal jurisdiction[3] case which did not turn on service of process issues.

In sum, Defendants' insufficient service of process defense is well taken and their Motion to Dismiss on this ground should be granted. Because dismissal would not be on the merits, it should be without prejudice so as to allow Plaintiff to re-file. The second branch of Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted will thereby become moot.

**Motion for Emergency Temporary Restraining Order**

Plaintiff seeks an emergency preliminary injunction, "enjoining Defendants, their agents, officers, and employees, and all persons acting in concert or participation with them, from

---

[2] Plaintiff gives only the names of the cases, but from the subject matter these appear to be the correct citations.
[3] To clarify personal jurisdiction concerns a court's power to exercise its subject matter jurisdiction over a particular defendant. Since all three Defendants here are actively engaged in conduct in Montgomery County, Ohio, the Court has no doubt it can exercise personal jurisdiction over them if that jurisdiction were properly invoked by sufficient service of process.

6

enforcing the bench warrant issued in Case No. 2018-CR-02590 for the duration of this action." (Motion, ECF No. 3, PageID 90).

In the now withdrawn Report and Recommendations on this Motion, the Magistrate Judge expressed the conclusion that injunctive relief against a pending criminal action was barred by the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

Plaintiff has objected on the grounds that there is really no pending criminal case because no proceeding has been scheduled since 2018. This response is disingenuous. The Montgomery County grand jury has returned an indictment and Plaintiff has absconded from the jurisdiction. Plaintiff's papers cannot be taken seriously to evince a commitment to show up and litigate the case in Ohio. The State's interest in the case is the interest the State has in any criminal case: enforcement of the public policy embodied in the statute under which he is charged.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Complaint herein be dismissed without prejudice for failure to properly effect service of process.

The Magistrate Judge also recommends that the Court deny injunctive relief on the basis of *Younger, supra.*

June 11, 2025.

                                          s/ Michael R. Merz
                                     United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.