# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE DUWE,

          Plaintiff,    :    Case No. 3:25-cv-099

                                        District Judge Thomas M. Rose
-  vs  -                         Magistrate Judge Michael R. Merz

THE HONORABLE MARY E. MONTGOMERY
 In her official capacity as Judge of the Montgomery
 County, Ohio, Court of Common Pleas, et al.,

          Defendants.    :

## DECISION AND ORDER

This case is before the Court Plaintiff's Objections (ECF No. 36) to the Magistrate Judge's Substituted Report and Recommendations (the "Report," ECF No. 33).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

Defendants in this case are The Honorable Mary E. Montgomery, a Judge of the General Division of the Montgomery County, Ohio, Court of Common Pleas to whom is assigned a criminal case in which Plaintiff is named as the defendant, Case No. 2018 CR 02590 (State Court

1

Record, ECF No. 19). The State Court Record shows that a Montgomery County Grand Jury indicted Duwe on September 18, 2018, on one count of unlawful possession of a firearm in a liquor permit premises (Indictment, State Court Record, ECF No. 19, PageID 154). Judge Montgomery is sued in her official capacity as are Montgomery County Prosecuting Attorney Mathias H. Heck, Jr, and his assistant prosecutor, Attorney Jenifer Buschur. That record also shows, and Plaintiff does not deny, that he has never appeared to enter a plea to the Indictment.

**Service of Process**

The Defendants moved to dismiss the case under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process and under 12(b)(6) for failure to state a claim upon which relief can be granted. In the Report the Magistrate Judge recommended granting that Motion under Rule 12(b)(5) and finding that that would render the 12(b)(6) portion of the Motion moot.

Plaintiff objects that Defendants have actual notice of the case and that is sufficient to require Defendants to answer the Complaint, relying on *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011)). (ECF No. 36, PageID 337). The Magistrate Judge rejected the argument, noting that *Gerber* was a case in which the defendant had entered a general appearance, but in this case Defendants had moved to dismiss under Fed.R.Civ.P. 12(b)(5) which they were required to do before answering (Report, ECF No. 33, PageID 329, citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999)).

The Substituted Report relied on the express and mandatory language of S. D. Ohio Civ. R. 4.2 to find Plaintiff's purported service by certified mail by his spouse was not compliant. In his

2

Memorandum in Opposition to the Motion to Dismiss, Plaintiff had argued his spouse was not governed by this Rule because she was not in Ohio and instead was governed by United States Postal Service rules. The Report rejected this argument, and Plaintiff has not repeated it in his Objections.

Instead, Plaintiff says that because he is incarcerated the Court should order the United States Marshal to make service on his behalf. While that is a theoretical possibility, the Marshal is badly overburdened with higher priority duties in criminal cases. If the Plaintiff had followed S. D. Ohio Civ. R. 4.2, the Clerk would have made certified mail service. That option is available to Plaintiff if he refiles this action. Plaintiff argues the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988), "required courts to apply filing and procedural rules with flexibility" and suggests that insisting on S. D. Ohio Civ. R. 4.2 "risks creating an unconstitutional barrier to access to the courts, in contravention of due process." (Objections, ECF No. 36, PageID 337). That position overreads *Houston* which held only that prisoners can count as filed documents they have deposited in the prison mailing system. The Court is unaware of any federal court's holding that a rule parallel to S. D. Ohio Civ. R. 4.2 violates due process. Instead, it provides a method of service in which the Clerk of Courts' involvement ensures the accountability of the process, unlike the situation here where the return receipt cards have never been filed, as the Report finds without contradiction.

**Injunctive Relief**

The Report recommends denying Plaintiff's requested injunctive relief on the basis of *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal courts to abstain from granting

injunctive relief against pending state criminal cases. Plaintiff objects that the Court could still grant declaratory relief. While that is true, it could only happen in a case in which Plaintiff has first validly served process.

Plaintiff claims there is no valid interest being protected by the law he is accused of violating because the people rather than the State is sovereign and "[no] evidence has been presented that Plaintiffs prosecution arises from any actual injury to a private party. Rather, the underlying action appears to have originated from Plaintiff's lawful exercise of Second Amendment rights, without a verified complaint from a real party in interest." (Objections, ECF No. 36, PageID 336). However, this argument ignores the fact that a grand jury of ordinary citizens has found probable cause to believe Plaintiff committed a felony. The argument also implies that the legislature was not acting on behalf of the sovereign people when it enacted the prohibition Plaintiff s charged with violating. Plaintiff has cited no evidence to that effect. Indeed, Plaintiff has cited no precedent to this Court for his underlying proposition that the statute is unconstitutional.

Plaintiff objects to the overall tone of the Substituted Report (Objections, ECF No. 36, PageID 334, 338-39), asserting the Magistrate Judge's language may show bias. For example, he accuses the Magistrate Judge of being lenient to the Defendants in that they have not filed an answer while holding him to the letter of the law about service of process.

The record does not support these accusations. The Defendants have not answered because they have raised a valid claim of insufficiency of service of process. And Plaintiff ignores the fact that his Response to the Motion to Dismiss was untimely and the Magistrate Judge *sua sponte* granted him an extension of time (Report, ECF No. 33, PageID 326).

The Court also notes that Plaintiff's accusations involve lifting words from the Report out of context. He asserts the Magistrate Judge has written that his filings "cannot be taken seriously." (Objections, ECF No. 36, PageID 338). What the Magistrate Judge actually wrote is "Plaintiff's papers cannot be taken seriously to evince a commitment to show up and litigate the case in Ohio." (Report, ECF No. 33, PageID 331). The Court agrees with that reading of Plaintiff's filings. Plaintiff has reported to the Court that he has been incarcerated since March 2025, although he did not report this fact to the Court until June 9, 2025 (See ECF No. 27). Given that Plaintiff is now incarcerated, he may have rights under the Interstate Agreement on Detainers ("IAD") which he may wish to exercise. Taking action under the IAD may enable him to obtain a resolution of the firearm charge.

In general the Court finds the Magistrate Judge's cited language does not rise to the level of showing bias or prejudice. See *Liteky v. United States,* 510 U.S. 540, 554-55 (1994).

**Conclusion**

Based on the foregoing analysis, the Court overrules Plaintiff's Objections and adopts the Substituted Report and Recommendations. The Clerk will enter judgment dismissing the Complaint without prejudice for failure to make proper service of process. Plaintiff's request for injunctive relief is denied on the basis of *Younger v. Harris, supra.* The Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 30, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
