# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE DUWE,

           Plaintiff,      :      Case No. 3:25-cv-099

                                  District Judge Thomas M. Rose
  -  vs  -                          Magistrate Judge Michael R. Merz

THE HONORABLE MARY E. MONTGOMERY
 In her official capacity as Judge of the Montgomery
 County, Ohio, Court of Common Pleas, et al.,

           Defendants.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 40). As a post-judgment matter, it is deemed referred to the undersigned under 28 U.S.C. § 636(b)(3), requiring a recommendation rather than a decision.

Although Judge Rose denied *in forma pauperis* status in dismissing the case, Plaintiff seeks reconsideration of that ruling because he asserts the Court erred in dismissing his case without giving him an opportunity to amend to seek only declaratory relief; he admits the Court correctly held injunctive relief is barred by *Younger v. Harris*, 401 U.S. 37 (1971). An appeal raising the declaratory judgment issue would still be frivolous because Duwe never moved to amend to seek only declaratory relief. Nor did he raise this as an objection to the Report recommending dismissal

1

although he was cautioned in that Report that "[f]ailure to make objections in accordance with this procedure may forfeit rights on appeal." (Report, ECF No. 22, PageID 284).

Plaintiff also intends to raise on appeal the claim that he "should not be required to pay a second filing fee or endure an entirely new action due to technical service issues where Defendants had actual notice." (ECF No. 40, PageID 363). The Court has dealt at length with Plaintiff's claims that his service of process was good enough. While service of process is a procedural issue, the Magistrate Judge does not agree that Plaintiff's failures in this regard were only "technical." Claiming that "actual notice" is a sufficient substitute for following the Federal Rules of Civil Procedure is a sufficiently frivolous argument that if Plaintiff wishes to test it on appeal, he should at least pay that portion of the cost of an appeal as is represented by the filing fee. The cost of one law clerk's time to review appellate filings in this case would be a multiple of that filing fee. Taxpayers of the United States should not be required to pay that cost to allow appellate decision of a frivolous issue.

Plaintiff's Motion for leave to appeal *in forma pauperis* should be denied.

July 31, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.