# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE DUWE,

                Plaintiff,    :    Case No. 3:25-cv-099

                                      District Judge Thomas M. Rose
  - vs -                          Magistrate Judge Michael R. Merz

THE HONORABLE MARY E. MONTGOMERY
In her official capacity as Judge of the Montgomery
County, Ohio, Court of Common Pleas, et al.,

                Defendants.    :

## DECISION AND ORDER DENYING PLAINITFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING OBJECTIONS

      This case is before the Court Plaintiff's Motion for Reconsideration of Order Denying Objections (ECF No. 46) in which Plaintiff seeks reconsideration of this Court's Order (ECF No. 44) which overruled Plaintiff's Objections (ECF No. 43) to the Magistrate Judge's Report and Recommendations (ECF No. 41) which recommended denying Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 40).

      Plaintiff purports to bring his Motion under Fed.R.Civ.P. 59(e) or, alternatively, Fed.R.Civ.P. 60(b).  Judgment was entered in this case on June 30, 2025.  Under Fed.R.Civ.P. 6, a motion under Rule 59(e) must be brought within twenty-eight days after judgment, a period

1

which cannot be extended.  Fed.R.Civ.P. 6(b)(2).  Considered as a motion under Fed.R.Civ.P. 59(e), the instant motion must be denied because it was untimely filed.

The subsections of Fed.R.Civ.P. 60(b) provide for relief from a final judgment on various grounds; Plaintiff does not specify under which subsection he is proceeding.  As a *pro se* litigant he is entitled to liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Court reads the Motion as asserting it erred as a matter of law in dismissing the case.  Such a claim would be properly raised under Fed.R.Civ.P. 60(b)(6).

When a Rule 60(b) motion is filed at a time when the District Court cannot act because there is a pending appeal, the Court can defer considering the motion, deny the motion, or state whether the Court would grant the motion if the Court of Appeals remanded the matter or that the motion raises a substantial issue.  Fed.R.Civ.P. 62.1.  In this case, the Motion is denied for the following reasons.

Plaintiff complains that the Court dismissed the case without addressing his request for declaratory relief (ECF No. 45, PageID 380).  The case was plainly and clearly dismissed for failure to obtain service of process (Decision and Order (ECF No. 37).  Without proper service of process, the Court did not have personal jurisdiction over the Defendants.  Fed.R.Civ.P. 4(m) virtually commands dismissal of a case if service is not obtained within ninety days of filing on motion of a party or the Court's own motion.  Issuing a declaratory judgment without service would amount to providing an advisory opinion, which federal courts are forbidden to do.  *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *Utd. Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)).

Plaintiff also complains of "Failure of the Court to allow leave to amend to pursue the non-frivolous portion of the complaint - declaratory relief- before outright dismissal."  Plaintiff never

2

moved to amend even after the Magistrate Judge recommended dismissal. And in any event the Court could not consider declaratory relief without proper service or process.

Finally, Plaintiff complains it is unjust and inequitable to "punish . . . a pro se, incarcerated litigant by denying in forma pauperis status on appeal without addressing the preserved legal issues." Requiring a *pro se* litigant to pay the filing fee is not punishment. It is instead a re-allocation of a very small part of the cost of an appeal from the taxpayers to the *pro se* litigant if the courts find the appeal is objectively frivolous. If Plaintiff disagrees with this proposition – as he plainly does – he is free to attempt to persuade the Sixth Circuit to allow him to proceed *in forma pauperis*.

Plaintiff accuses the Magistrate Judge of taking an adversarial stance to his position by deciding the motion for leave to appeal *in forma pauperis* without waiting for opposition from Defendants. Because this Court had already certified to the Circuit Court that any appeal would be objectively frivolous (ECF No. 37), there was no need to wait for opposition.

Accordingly, the instant Motion is denied.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 3, 2025.

/s/ Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE